IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kimberly Kinney, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Advance America, Cash Advance Centers of South Carolina, Inc., Carolina Payday Loans, Inc., Richard Paul Woodhouse d/b/a Cash Doctor–Cash Advance Center, and Title Cash of South Carolina, Inc. d/b/a All American Payday, )<br><br>Defendants. ) | C.A. No.  4:07-3532-TLW-TER<br><br>**ORDER** |

This action was originally filed in the Marion County Court of Common Pleas on October 12, 2007. The case was removed to federal court on October 25, 2007. (Doc. # 1). Subsequently, a number of motions were filed in this case including: defendant Advance America Cash Advance Centers of South Carolina, Inc.'s motion to dismiss or stay in favor of arbitration (Doc. # 11); defendant Carolina Payday Loans Inc.'s motion to stay and compel arbitration (Docs. # 13); plaintiff's motion to remand (Doc. # 19); and plaintiff's motion to amend or correct complaint (Doc. # 43). Responses and Replies to the various motions were filed by all parties.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636. In his Report, Magistrate Judge Rogers recommends that the plaintiff's motion to remand (Doc. # 19) should be granted and the case

1

remanded back to the Marion County Court of Common Pleas for lack of jurisdiction under CAFA for lack of minimal diversity. Alternatively, if the district judge finds minimal diversity, it is recommended that plaintiff's motion to remand under the exceptions to CAFA be denied and, based on the arbitration agreements between the parties Advance America's motion to dismiss or stay in favor of arbitration (Doc. # 11); and Carolina Payday's motion to stay and compel arbitration (Doc. # 13); be granted, and that plaintiff's claims be submitted to arbitration in accordance with the agreements and that this case be dismissed as to Advance America and Carolina Payday. Objections and Replies were filed by the parties. (Docs. # 56, 57, 58, 60 and 61).

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. Additionally, the Court has carefully considered the briefs, affidavits, and exhibits submitted by the parties. The Magistrate Judge recommended that plaintiff's motion to remand be granted and the case remanded to the Marion County Court of Common Pleas for lack of jurisdiction under CAFA for lack of minimal diversity. This Court agrees. This Court notes that it has carefully considered the affidavit/declaration and attachments thereto of Jonathan Mark Monson, corporate

counsel for Advance America, as well as the declaration of Stuart B. Silver submitted with defendant Advance America's objections to the Report and Recommendation. However, even after throughly considering all of the provided information, this Court is not sufficiently persuaded that defendants have met their burden of establishing minimal diversity to convey subject matter jurisdiction on this Court. But See McMorris v. TJX Cos, Inc., 493 F. Supp 2d 158 (D. Mass 2007). Additionally, this Court agrees with the Report's conclusion that dual citizenship of a defendant does not create minimal diversity under CAFA. See Johnson, et al v. Advance America, Cash Advance Centers of South Carolin, Inc., et al, C/A No. 2:07-cv-3447-PMD (D.S.C. April 25, 2008). This Court is likewise persuaded that the Report reaches the correct conclusion as to the inapplicability of the "Home State" and "Local Controversy" exceptions to CAFA.

Although, in light of its ruling that remand is appropriate based on a lack of minimal diversity, this Court need not reach plaintiff's motion to amend their complaint, the Court is likewise not persuaded that it would be appropriate to consider said motion at this time under the general principle that post removal amendments cannot divest the court of jurisdiction. Thompson v. Victoria Fire & Cas. Co., 32 F.Supp.2d 847, 849 (D.S.C. 1999) (noting that the law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction).

Having accepted the Report's conclusion that this case should be remanded for lack of jurisdiction under CAFA for lack of minimal diversity, it is unnecessary for the Court to address the remainder of the Report. However, in an effort to promote judicial economy, this Court does note that it has also carefully reviewed and considered the Report analysis as to the outstanding motions to compel arbitration. As the jurisdictional question may be close in light of the developing law

under CAFA, this Court concludes here in the alternative, that should, on appeal (See 28 U.S.C. 1453 (c)), minimal diversity be found to exist such that jurisdiction in this Court is proper, then for all the reasons cited in the Report, the parties should be ordered to proceed to arbitration and this action should be dismissed as to Advance America and Carolina Payday.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 53) and the parties objections are **OVERRULED**. Plaintiff's motion to remand (Doc. # 19) is granted and the case remanded back to the Marion County Court of Common Pleas for lack of jurisdiction under CAFA for lack of minimal diversity.[1]

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

September 5, 2008

Florence, South Carolina

---

[1] Alternatively, if, on appeal minimal diversity is be found to exist such that jurisdiction in this Court is proper, then this Court would accept the remainder of the Report's conclusions that plaintiff's motion to remand under the exceptions to CAFA be denied and, based on the arbitration agreements between the parties Advance America's motion to dismiss or stay in favor of arbitration (Doc. # 11); and Carolina Payday's motion to stay and compel arbitration (Doc. # 13); be granted, and that plaintiff's claims be submitted to arbitration in accordance with the agreements and that this case be dismissed as to Advance America and Carolina Payday.